IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.    ) | Criminal No. 04-59 |
| ) | <u>See</u> Civil Action No. 05-1135 |
| CLAUDIUS AUGUSTUS MINOTT,  ) | |
| ) | |
| Defendant.  ) | |

O R D E R

AND NOW, this 14th day of August, 2006, upon consideration of Defendant Claudius Augustus Minott's <u>pro se</u> "Motion to Vacate, Set Aside or Correct Sentence by a Prisoner in Federal Custody Pursuant to § 2255" (document No. 27) and Memorandum of Law in Support thereof (document No. 28), filed in the above-captioned matter on August 15, 2005, and upon further consideration of the Government's Response thereto (document No. 34),

IT IS HEREBY ORDERED that said Motion is DISMISSED with prejudice.

Petitioner, Claudius Augustus Minott, was indicted in this case on one count of re-entry of a removed alien, in violation of 8 U.S.C. § 1326. On July 29, 2004, Petitioner changed his previous plea of not guilty as to this count to a plea of guilty. In connection with his change of plea, he and the Government entered into a plea agreement which included a provision that Petitioner "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." The Court accepted

1

Petitioner's plea, and he was subsequently sentenced to 41 months' imprisonment and three years of supervised release.  Petitioner now has filed the present motion seeking to vacate his sentence under 28 U.S.C. § 2255.

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law ...[to] move the court which imposed the sentence to vacate, set aside or correct the sentence."  However, in this case, it is not necessary for the Court to consider the merits of Petitioner's claims under Section 2255 because, pursuant to the plea agreement in this case, Petitioner has clearly and unambiguously waived his right to file a motion under Section 2255 or to otherwise seek collateral relief.

A criminal defendant's waiver of his right to file a motion under Section 2255 or to otherwise seek collateral relief is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Perry, 142 Fed. Appx. 610, 612 (3d Cir. 2005). See also United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  In the present case, Petitioner does not allege, much less present evidence suggesting or establishing,

that he entered into the waiver contained in the plea agreement unknowingly or involuntarily.  Further, Petitioner does not allege that enforcing the waiver will work a miscarriage of justice, nor is there anything in the record that would suggest that enforcement would work such a miscarriage of justice.[1]

Accordingly, Petitioner's motion is dismissed.[2]  Further, because the Court does not reach the merits of Petitioner's claims, there exists no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

s/Alan N. Bloch
United States District Judge

cc/ecf:   Counsel/Parties of record

---

[1]  Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247 (3d Cir. 1999).  However, even a pro se litigant must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In this case, as discussed, Petitioner does not even allege, much less attempt to prove, that the waiver in this case was invalid.  The Court further notes that Petitioner does not raise any claims of ineffective assistance of counsel in connection with the waiver.

[2]  Although the Government has not filed a motion to dismiss, it does seek dismissal of the motion in its response to Petitioner's motion.